USDC SCAN INDEX SHEET










TKL   4/8/04   8:05

3:03-CR-02744   USA V. OLAVE-VALENCIA

*45*

*CRMEMSUP.*

STEVEN E. FELDMAN
STATE BAR NO. 56979
LAW OFFICES OF STEVEN E. FELDMAN
934 23rd Street
San Diego, Ca. 92102
619-232-8649

Attorney for Defendant JOSE REBOLLEDO-ESTUPINAN

FILED
04 APR -7 PM 1:48
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### (HONORABLE BARRY TED MOSKOWITZ)

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE REBOLLEDO-ESTUPINAN, <br><br> Defendant. | Case No. 03CR2744-BTM <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SEVER |

## STATEMENT OF THE CASE

JOSE REBOLLEDO-ESTUPINAN, incorporates, as though fully set forth herein, the Statement of the Case contained in her previously filed motions with this Court.

## JOSE REBOLLEDO-ESTUPINAN'S CASE SHOULD BE SEVERED FROM THE CASES OF ALL CODEFENDANTS

Jose Rebolledo-Estupinan moves for severance of her case from the cases of codefendants on four grounds: (1) the prejudice flowing from a joint trial would deprive him of due process protections as well as deny him the right to a reliable and accurate determination of liability; (2) severance is necessary because of antagonistic defenses; (3) a joint trial would deprive him of the opportunity to present exculpatory testimony from a

1

ORIGINAL

codefendant; and (4) a joint trial would be violative of his Sixth Amendment right to confront and cross examine his accusers.

Thus Court has discretion when ruling on a motion for severance. (*United States v. Sherlock*, 865 F.2d 1069, 1078 (9th Cir. 1989); *United States v. Gonzalez*, 749 F.2d 1329, 1333 (9th Cir. 1984); *United States v. Escalate*, 637 F.2d 1197, 1201, *cert. denied*, 449 U.S. 856 [66 L.Ed.2d 71, 101 S.Ct. 154] (1980).)

1. **The Prejudice Flowing From a Joint Trial Would be Violative of Constitutional Protections**

When a motion to sever cases is based on the prejudicial impact of joinder, what has been called an affirmative, compelling, or strong showing of prejudice is required. (*United States v. Romanal*, 726 F.2d 173, 177 (5th Cir. 1984); *United States v. Virden*, 38 F.2d 1131, 1140 (10th Cir. 1994); *United States v. Morales*, 108 F.3d 1213, 1219 (10th Cir. 1997).) Such a showing is met in this case.

As this Court knows, Jose Rebolledo-Estupinan is charged in a two count indictment along with five codefendants. His very minor role in the charged offenses, and the extent of prejudice suffered in a joint trial, will become more apparent once the court learns of the intent of the government to tender statements of codefendants, in violation of the rule of Bruton.

Despite some degree of bias inherent in joint trials, joinder is favored in federal criminal cases largely for reasons of judicial economy and efficiency. (*United States v. Walker*, 720 F.2d 1527, 1533 (11th Cir. 1983); *Parker v. United States*, 404 F.2d 1193, 1196 (9th Cir. 1968), *cert. denied*, 394 U.S. 1004 [22 L.Ed.2d 782, 89 S.Ct. 1602], *US reh.den.*, 395 U.S. 941 [23 L.Ed.2d 460, 89 S.Ct. 1003] (1969); *Richardson v. Marsh*, 481 U.S. 200, 209 [95 L.Ed.2d 176, 107 S.Ct. 1702] (1986).) However, given the charges in this case and the nature of conduct attributed to Mr. Rebolledo-Estupinan, a joint trial would result in significant prejudice. Rule 14 specifically provides that if codefendants are prejudiced by joinder, the district court may order severance. The Rule states, "If it appears that a defendant or the government is prejudiced by a joinder of . . . defendants . . . for trial

together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

2. **<u>Severance Should Be Granted Because of Antagonistic Defenses</u>**

Court's have often expressed the view that mutually antagonistic or irreconcilable defenses may be so prejudicial as to mandate severance. (*See, United States v. Benton*, 852 F.2d 1456, 1469 (6th Cir.), *cert. denied*, 488 U.S. 993 [102 L.Ed.2d 582, 109 S.Ct. 555] (1988); *United States v. Smith*, 788 F.2d 663, 668 (10th Cir. 1986); *United States v. Berkowitz*, 662 F.2d 1127, 1133-1134 (5th Cir. 1981).)

Whether or not a separate trial should be granted is a matter which is dependent on the facts and issues of the individual case. Clearly there is no right to severance as to any defendant unless it can be shown that the requirements of due process would not be met in a joint trial. (*United States v. Brandenburgh*, 146 F.2d 878 (2d Cir. 1945).)

The defenses of Jose Rebolledo-Estupinan and his codefendants are antagonistic. Mr. Rebelledo will defend the charges on the basis of his lack of knowledge of the contraband. It may be that the co-defendant's testimony will involve some form of duress. Where severance is requested on the ground that mutually exclusive defenses require it, this court must consider the substantial possibility of prejudice flowing from a joint trial. (*See, United States v. Peveto*, 881 F.2d 844, 857 (10th Cir.), *cert. denied*, 493 U.S. 943 [107 L.Ed.2d 336, 110 S.Ct. 348] (1989); *United States v. Romanello, supra*, 726 F.2d at p. 181.) While antagonism between defenses based on the desire of one defendant to exculpate him or himself by inculpating a codefendant may be insufficient to require severance (*See United States v Sherlock, supra*, 865 F.2d at p. 1081), the prejudice does not merely flow from antagonistic defenses but from the quality and quantity of evidence against codefendants as opposed to him.

Furthermore, in Mr. Rebolledo-Estupinan's case, a joint trial would result in a denial of due process. Where defendants have been properly joined under Rule 8(b), a district court should grant severance under Rule 14 where there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making

3

a reliable determination of guilt or innocence. (*Zafiro v. United States* 506 U.S. 534 [122 L.Ed.2d 317, 113 S.Ct. 933] (1993).) To be entitled to severance on the basis of mutually antagonistic defenses, an accused must show that the core of the defense of the codefendant is so irreconcilable with the core of his or her own defense that the acceptance of the codefendant's theory to the jury precludes acquittal of the defendant. Such is the case in Mr. Rebolledo-Estupinan's defense.

3. **A Joint Trial Would Deprive Jose Rebolledo-Estupinan of the Opportunity to Present Exculpatory Testimony of a Codefendant**

In *United States v. Echeles*, 352 F.2d 892 (7th Cir. 1965), the Court held that a single joint trial of several defendants may not be had at the expense of one defendant's right to a fundamentally fair trial. At least one of Mr. Rebolledo-Estupinan's codefendant's, would provide exculpatory evidence as to Mr. Rebolledo-Estupinan at a separate trial. A joint trial would prevent counsel for Mr. Rebolledo-Estupinan from calling defendant's Olave and Bonilla, who counsel is informed and believes have made statements which tend to incriminate them. Both co-defendants, at a joint trial may exercise his right against self-incrimination. This Court should order severance in order to permit this exculpatory testimony to be presented at a separate trial. (*See also United States v. Gay*, 567 F.2d 916 (9th Cir. 1978); *United States v. Hernandez-Berceda*, 572 F.2d 680 (9th Cir. 1978).)

When an asserted need for severance is based on a codefendant's exculpatory testimony at a separate trial, the defendant must show (1) that he would call the co-defendant at a separate trial; (2) that the codefendant would in fact testify and (3) that the testimony would be "substantially exculpatory." (*United States v. Mariscal*, 939 F.2d 884, 886 (9th Cir. 1991); *United States v. Leichtman*, 742 F.2d 598, 605 (11th Cir. 1984); *United States v. Virgil*, 561 F.2d 1316 (9th Cir. 1977); *United States v. Cruz*, 536 F.2d 1264 (9th Cir. 1976); *United States v. Wood*, 550 F.2d 435 (9th Cir. 1976).

In considering a claim that a codefendant will provide exculpatory testimony, this Court must weigh a number of items including "the good faith of the defendant's intent to have a codefendant testify, the possible weight and credibility of the predicted testimony, the

4

probability that such testimony will materialize, [and] the economy of a joint trial." (*United States v. Kaplan*, 554 F.2d 958, 966, *cert. denied*, 434 U.S. 956 [54 L.Ed. 315, 98 S.Ct. 483] (1977).) The Court can also consider the degree to which the asserted codefendant testimony is exculpatory. (*see United States v. Rocha*, 916 F.2d 219, 232 (5th Cir. 990), *cert. denied*, 500 U.S. 934 [114 L.Ed.2d 462, 111 S.Ct. 2057] (1991); *United States v. Ford*, 276 U.S. App. D.C. 315, 870 F.2d 729, 731 (D.C. Cir. 1989); *United States v. Machado*, 804 F.2d 1537, 1544 (11th Cir. 1986); *United States v. DeLuna*, 763 F.2d 897, 920 (8th Cir.), *cert. denied*, 474 U.S. 980 [88 L.Ed.2d 336, 106 S.Ct. 382] (1985).)

In *United States v. Virgin*, 561 F.2d 1316, 1317 (9th Cir. 1977) (per curiam), the Ninth Circuit held a defendant seeking severance on the basis of exculpatory testimony by a codefendant must show "that the testimony would be favorable to the moving defendant." A showing that the testimony would merely contradict portions of the government's proof is insufficient. (*United States v. DeLuna, supra,* 763 F.2d at p. 920; *see also United States v. Garcia*, 647 F.2d 794, 796 (9th Cir.), *cert. denied*, 454 U.S. 970 [70 L.Ed.2d 387, 102 S.Ct. 516] (1981); *United States v. Abraham* 541 F.2d 1234, 1240 (7th Cir. 1976) (per curiam), *cert. denied*, 429 U.S. 1102 [51 L.Ed.2d 552, 97 S.Ct. 1128] (1977).)

4. **The Inculpatory Statements of the Codefendant's Would Deprive Mr. Rebolledo-Estupinan of His Sixth Amendment Protections**

Codefendants Olave and Bonilla have made statements. . The rule announced by the United States Supreme Court in *Bruton v. United States* (1968) 391 U.S. 123, 126-137 is that a non-testifying codefendant's extrajudicial statements that inculpate the other defendant are generally unreliable and hence inadmissible as violative of that defendant's right of confrontation and cross-examination even if a limiting instruction is given.

The rule in *Bruton* is based on three factors: (1) "the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial;" (2) "since [the codefendant] did not take the stand . . . [the defendant] was denied his constitutional right of confrontation;" and (3) "in the context of a joint trial [the court] cannot accept limiting

5

instructions as an adequate substitute for [defendant's] constitutional right of cross examination." (*Id.*, at pp. 128, 135-137.)

In *Cruz v. New York* (1987) 107 S.Ct. 1714, 1716, the United States Supreme Court reaffirmed the rule announced in Bruton:

> "that a defendant is deprived of his rights under the Confrontation Clause when his codefendant's incriminating confession is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant."

The *Bruton* rule applies to any statement that inculpates the nondeclarant regardless of whether it is a confession or merely a statement. Furthermore, the applicability of the rule enunciated in *Bruton* does not depend on whether the extrajudicial statement of the codefendant is admitted for the truth. (*Bruton v. United States, supra*, 391 U.S. at pp. 126-127.)

In *Richardson v. Marsh*, 481 U.S. 200, 211 (1987), Justice Scalia, writing for a six-justice majority, wrote:

> We hold that the Confrontation Clause is not violated by the admission of a nontestifying defendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or him existence.

The Court declined to express an opinion "on the admissibility of a confession in which the defendant's name has been replaced with a symbol or neutral pronoun." (*Ibid.*, fn. 5.)

Finally, the United States Supreme Court, within the past term issued it's decision in *Crawford v. Washington*, 124 S.Ct. 1054 (2004). In Crawford, Justice Scalia writing for the majority, in overruling a large body of law, held that a defendant is denied his right to confrontation if the government seeks to present testimonial evidence without granting the defendant the opportunity to cross examine the Declarant.

Here, if the Government seeks to introduce any statements of the codefendants, Mr. Rebolledo's 6th amendment right to confront is violated and such statements would be

inadmissible in a trial against him.

## CONCLUSION

For all of the above reasons, Jose Rebolledo asks this Court to grant his motion to sever his case from the cases of codefendants.

Respectfully submitted,

Dated: April 5, 2004

Steven E. Feldman
Attorney for Defendant
JOSE REBOLLEDO-ESTUPINAN