PROB 12C(D)
(05/17)

December 20, 2019
pacts id: 33312

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision
## And Transfer of Jurisdiction

**Name of Offender:** Jose Maria Rebolledo-Estupinan (Spanish)     **Dkt No.:** 03CR02744-005-BTM

**Reg. No.:** 89070-198

**Name of Sentencing Judicial Officer:** The Honorable Barry Ted Moskowitz, Senior U.S. District Judge

**Original Offense:** Count 1: 46 U.S.C. § 1903(a), (c), and (j), Conspiracy to Possess Cocaine with Intent to Distribute on Board a Vessel, a Class A felony.
Count 2: 46 U.S.C. § 1903(a), (c)(1)(A) and (f); and 18 U.S.C. § 2, Possession of Cocaine with Intent to Distribute on Board of Vessel and Aiding and Abetting, a Class A felony.

**Date of Sentence:** November 4, 2005

**Sentence:** 168 months' custody as to each count to run concurrently; 5 years' supervised release as to each count to run concurrent. *(Special Conditions: Refer to the Judgement and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** April 22, 2016

**Asst. U.S. Atty.:** Michael F. Kaplan     **Defense Counsel:** Paul D. Turner
(Appointed)
(619) 231-2001

**Prior Violation History:** None.

## PETITIONING THE COURT

## TO ISSUE A NO-BAIL BENCH WARRANT AND TRANSFER OF JURISDICTION

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>The defendant shall not commit another federal, state or local crime. *(mv1)* | 1. On or about October 24, 2019, Mr. Robolledo-Estupinan conspired to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii), as evidenced by the indictment filed in the U.S. District Court, Middle District of Florida, Dkt. No.: 19CR00537-001-VMC-AEP. |
| | 2. On or about October 24, 2019, Mr. Robolledo-Estupinan aided and abetted the possession with intent to distribute five kilograms or more of a mixture and substance containing a detectible amount of cocaine, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. §, and 21 U.S.C. § 960(b)(1)(B)(ii), as evidenced by the indictment filed in the U.S. District Court, Middle District of Florida, Dkt. No.: 19CR00537-001-VMC-AEP. |
| **(Mandatory Condition)**<br>The defendant shall not illegally possess a controlled substance. | 3. On or about October 24, 2019, Mr. Robolledo-Estupinan illegally possessed a controlled substance, as evidenced by the indictment filed in the U.S. District Court, Middle District of Florida, Dkt. No.: 19CR00537-001-VMC-AEP. |

**Grounds for Revocation:** As to allegations 1, 2, and 3, I received and reviewed the U.S. Department of Justice Drug Enforcement Administration Report of Investigation dated November 11, 2019, and indictment filed in the U.S. District Court, Middle District of Florida, Dkt. No.: 19CR00537-001-VMC-AEP, which confirm the following: On the above date, a Marine Patrol Aircraft (MPA) detected a self-propelled semi-submersible (SPSS) approximately 339 nautical miles south of Guatemala. A United States Coast Guard cutter was approximately 60 miles away and was diverted to intercept the SPSS. A United States Coast Guard vessel was launched from the cutter and approached and boarded the vessel. Subsequent to boarding the SPSS, approximately 7 bales of suspected contraband, and 4 individuals, one of whom was later identified as Mr. Robolledo-Estupinan, were located inside of the vessel. A full search of the vessel was conducted and approximately 2295 kilograms of cocaine were removed from the SPSS. Additionally, all four individuals were arrested.

On November 11, 2019, Mr. Robolledo-Estupinan was interviewed by agents and stated that approximately two months ago while he was at a business in Colombia, he was approached by two brothers who offered him a job transporting cocaine aboard a SPSS. Mr. Robolledo-Estupinan stated that he and the other defendants boarded the vessel on approximately October 14, 2019, where once they were in open water, the cocaine was loaded on board. He identified himself as the mechanic of the vessel.

It should be noted Mr. Robolledo-Estupinan is a citizen of Colombia, and he was previously deported on May 30, 2016.

On November 7, 2019, an indictment was filed in the U.S. District Court, Middle District of Florida, Dkt. No.: 19CR00537-001-VMC-AEP, charging Mr. Robolledo-Estupinan with violations of Count 1: 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii), and Count 2: 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. §, and 21 U.S.C. § 960(b)(1)(B)(ii). A status conference was held on December 13, 2019 before the Honorable Virginia M. Hernandez Covington. A jury trial is set for the January 2020 trial term beginning the week of January 6, 2019.

Lastly, it is respectfully recommended that jurisdiction of this matter be transferred to the Middle District of Florida so that the pending case can be resolved with the supervised release violation.

**U.S. Probation Officer Recommendation:** If found in violation, that supervised release be revoked and the offender be sentenced to 30 months' custody with no supervised release to follow, consecutive to any sentence he may be serving, pursuant to USSG §7B1.3(f), p.s. (An Expanded Violation Worksheet, 12CW(d), has been attached for the Court's review.)

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** December 20, 2019

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by _____
Regan Gomes-Figueira
U.S. Probation Officer
(619) 557-6459

Reviewed and approved:

_____
Christopher J. Marco
Supervisory U.S. Probation Officer

FYF

# EXPANDED VIOLATION WORKSHEET

1. **Defendant:** Rebolledo-Estupinan, Jose Maria

2. **Docket No.** (Year-Sequence-Defendant No.): 03CR02744-005-BTM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | Conspiracy to distribute and possessed with intent to distribute cocaine | A |
   | Aiding and Abetting the possession with intent to distribute cocaine | A |
   | Possession of a controlled substance | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [ A ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [ I ]

6. **Statutory Maximum Term** (*Custody*) (*See* 18 U.S.C. § 3583(e)(3))
   Upon finding of a violation, the court may modify the conditions of supervision; extend the term if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. If the court revokes supervised release, the maximum term of imprisonment upon revocation is:  [ 5 years (as to each count) ]

7. **Range of Imprisonment** (*Custody*) (See USSG § 7B1.4(a))
   A Grade A violation with a Criminal History Category I establishes an imprisonment range of:  [ 24-30 months (as to each count) ]

8. **Statutory Maximum Term** (*Supervised Release*) (See 18 U.S.C. § 3583(b))

   If supervised release is revoked and a term of imprisonment is imposed that is less than the maximum term of imprisonment imposable upon revocation, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment upon revocation. In this case, the court has the authority to reimpose a term of:  [ Up to life (as to each count)]

9. **Recommendation:** [30 months' custody, consecutive to any other sentence being served. *See USSG § 7B1.3(f)*- w/ no supervised release to follow ]

## THE COURT ORDERS:

__✓__ A NO-BAIL BENCH WARRANT TO BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS, AND UPON APPROVAL ~~OF~~ of TRANSFER OF JURISDICTION (PROB 22) ~~FROM~~ THE MIDDLE DISTRICT OF FLORIDA, ~~JURISDICTION TO BE TRANSFERRED.~~ to

_____ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS; JURISDICTION TO REMAIN IN THE SOUTHERN DISTRICT OF CALIFORNIA.

_____ Other _____

_____
The Honorable Barry Ted Moskowitz
Senior U.S. District Judge

Date 1/8/2020